### KERSTEN v. BURDEN et al.
### No. 11926.

Court of Civil Appeals of Texas. Galveston.
Jan. 22, 1948.

Rehearing Denied Feb. 12, 1948.

A. F. Sundermeyer, of Houston, for appellant.

Albert Stein, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court, of Harris County (Honorable Roy F. Campbell presiding), decreeing that the appellant, as plaintiff below, recover nothing against the appellees, as the defendants there, in his suit to foreclose as against them, a purported judgment-lien he claimed to hold against one R. W. Harrold, upon some Harris County real estate he alleged had been purchased by the appellees from the heirs of R. A. Harrold.

This Court has overruled the appellees' motion to dismiss such appeal, which was taken for consideration with the cause itself on January 8th last, as being without merit.

The appeal is here, without an accompanying statement of facts, upon a transcript, containing findings of fact and conclusions of law by the trial court, in support of its judgment, as follows:

"Findings of Fact.

"The defendant, Clifton M. Burden, on July 29, 1946, when this suit was instituted, was the record-owner of real property located in Harris County, Texas, described as Lot 4, and the adjoining 19 feet by 9½ feet of Lot 3, in Block 45, of the Noble Addition to the City of Houston.

"He acquired it by mesne conveyances from Mrs. Nellie Harrold, a widow. In 1942 she conveyed it to defendant, P. R. Friedberg, who transferred it to A. T. Crumpler, who transferred it to W. T. Crumpler, who was the grantor in the deed, by which title went into defendant Burden in 1944.

"Mrs. Nellie Harrold was the widow of R. A. Harrold, who died in July, 1941, intestate. No administration has been had on his estate. Mrs. Harrold was the sole heir of her husband, and the Noble Addition property was inherited by her.

"On June 12, 1936, the First National Bank, of Houston, recovered a judgment against A. F. Sundermeyer and R. W. Harrold for the sum of $130.00, with interest, and $11.55 costs. This judgment was assigned to Sidney Kerston, plaintiff herein.

"The said R. A. Harrold, the husband of Mrs. Nellie Harrold, was never known as R. W. Harrold, who was one of the defendants in the bank's judgment, and therefore said judgment was not binding on the heirs of the said R. A. Harrold.

"Defendant Burden paid a valuable consideration for the Noble Addition property. He had no notice, actual or constructive, of the judgment against R. W. Harrold as consituting a lien against any interest in the property, which was once held by R. A. Harrold. In buying the Noble Addition property, defendant Burden was an innocent purchaser.

"Defendant Friedberg, committed no fraud as against defendant Burden, or any other person, in conveying the property to a remote grantor of defendant Burden, by reason of having warranted the title.

"Conclusions of Law.

"By reason of the foregoing findings of fact, the Court concludes that the plaintiff is not entitled to recover against the defendants, or either of them."

Not only, as indicated, has there been no statement of facts filed in this Court, but the record further shows that appellant neither excepted to nor requested others than the findings of fact so made by the trial court. In these circumstances, two conclusive presumptions of law rule the consideration of the cause on the appeal:

(1) That there was evidence to support the findings made;

(2) That the court found all the facts necessary to the support of its judgment, although it may not have affirmatively stated each and all of them.

Richmond v. Hog Creek Oil Co., Tex.Civ. App., 229 S.W. 563, Producers Oil Co. v. Snyder, Tex.Civ.App., 190 S.W. 514.

Appellant's entire cause of action, as his pleadings below and his brief and oral arguments here expressly show, was based upon his assumption that the judgment-debtor he claimed under, *R. W.* Harrold, and the appellees' predecessor in title to the property involved, *R. A.* Harrold, were one and the same person.

In the first place, a complete answer to this contention is that it is directly in conflict with the trial court's quoted finding-of-fact that *R. A.* Harrold "was never known as *R. W.* Harrold;" that finding was particularly binding upon the appellant because, as recited supra, he neither excepted to it when made by the trial court, nor did he request of it any further, or additional, findings.

In the next place, while his entire appeal thus seems tangential, when applied to the facts that must perforce be considered as existing here, because of such failure on his part to connect up with the R. A. Harrold, under whom the appellees in consequence held the land in their hands free of any such asserted lien, the express terms of the statute, upon which he grounds his cause of action, that is, Art. 3314, Vernon's R. C. S., do not seem—in the circumstances he alleged—to vouchsafe to him such a right.

This for the reason that our Supreme Court appears to have directly held that a deceased intestate's estate vests immediately in his heirs, following his death, but remains liable for or subject to the payment of his debts under that statute only so long as his property remains "in their hands". Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 789.

From the plain terms of Art. 3314, and the Supreme Court's stated construction of it, it plainly seems to follow that, even if the appellant had proved that R. W. and R. A. Harrold were one and the same person, which—as the trial court so found—he did not do, the appellee P. R. Friedberg, and the appellee Clifton M. Burden, down under him, could still have bought the property from Mrs. Nellie Harrold, the heir, without its having been subject to a lien for the debts of R. A. Harrold.

It may be, under the Supreme Court's opinion in the cited Blinn case, supra, that in such circumstances appellant's remedy, as a creditor of the ancestor, would have been a suit against the heir and personal judgment for the value of the property so inherited by the latter; but no such question as that is present here, hence no holding is made upon it.

This case involves only the perseverance of the lien on the land, and as to that, the Supreme Court thus stated the law at Page 789, in the cited Blinn Case: "There is nothing in the language of the provisions above referred to indicating a legislative intent either to relieve the property that may be returned to the heir, devisee, or legatee by such trustee from the statutory lien aforesaid as to debts that may still be unsatisfied, or to charge such heir, devisee, or legatee personally therewith. But there is an intent on the face of the statute above quoted that the property in the hands of the heir, devisee, or legatee, and not any longer subject to be taken by the statutory trustee, may be passed free of such lien to a bona fide purchaser; for the statute does not undertake to extend the lien any longer than the property is 'in their hands.' "

Finally, appellant appears to confuse the quoted findings of the court in his contention that its one conclusion of law was not based upon any finding of fact to the effect that the appellees, in turn, had been bona fide purchasers; whereas, as before recited, the one conclusion of law that appellant was not entitled to recover against either of the appellees, was expressly based upon the two findings of fact to the effect: (1) That R. W. and R. A. Harrold had not been shown to be one and the same person, and (2) That the appellees, in turn, had each been bona fide purchasers.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require an affirmance of the judgment. It will be so ordered.

Affirmed.